UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-02055-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| LEVI JOHN GEREAU | |

This matter is before the court on respondent's motion for relief from civil commitment pursuant to 18 U.S.C. § 4248. (DE # 72.) The government has responded in opposition, (DE # 73), and the matter is now ripe for disposition.

On 10 November 2014, this court held an evidentiary hearing to determine whether respondent should be committed as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), codified at 18 U.S.C. §§ 4247-48. (DE # 45.) Following the hearing, respondent entered the Commitment and Treatment Program ("CTP") at FCI-Butner on 24 November 2014. (DE # 63-1, at 2.) By judgment entered 22 December 2014, this court ordered respondent committed to the custody and care of the Attorney General as a sexually dangerous person pursuant to 18 U.S.C. § 4248(d). (DE ## 47, 48.)

On 22 January 2015, while in custody as a result of his civil commitment, respondent mailed a threatening letter to President Obama in violation of 18 U.S.C. § 876(c). See United States v. Gereau, 5:15-CR-272-D, DE # 17 (E.D.N.C. Oct. 13, 2015). On 8 February 2016, respondent was sentenced to a 36-month term of imprisonment. Id., DE # 31. He is now serving

his criminal sentence at the United States Penitentiary in Coleman, Florida. (Mot., DE # 72, at 2.) Respondent is scheduled to complete this sentence on 11 December 2018. (Id.) His civil commitment judgment pursuant to 18 U.S.C. § 4248 is currently lodged as a detainer to be executed upon the completion of his criminal sentence. (See Ex. 1, DE # 73-1.)

Respondent now seeks relief from the civil commitment judgment pursuant to Rules 60(b)(5) and (b)(6) of the Federal Rules of Civil Procedure, alleging that the government has elected to treat him as a prisoner rather than a patient because he has been transferred from the CTP at FCI-Butner to a high-security facility to serve his criminal sentence. Rule 60(b) states in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"[B]efore a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Id. (quoting Werner, 731 F.2d at 207).

The court notes that respondent's motion does not address the threshold requirements of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. Therefore, respondent's motion could be denied on these bases alone. Nonetheless, the court will address the merits of respondent's motion.

Respondent first argues that he is entitled to relief under Rule 60(b)(5) because the civil commitment judgment has been satisfied, released, or discharged. Once an individual has been committed pursuant to 18 U.S.C. § 4248(d), the Adam Walsh Act sets forth three different methods by which a person may be discharged from commitment. Under one method, the director of the facility in which the respondent is hospitalized may file a certificate with the court stating that the respondent is no longer in need of care:

> When the Director of the facility in which a person is placed pursuant to subsection (d) determines that the person's condition is such that he is no longer sexually dangerous to others, or will not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment, he shall promptly file a certificate to that effect with the clerk of court that ordered the commitment.

18 U.S.C. § 4248(e). An additional method by which a person may be discharged is set forth in 18 U.S.C. § 4247(h):

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of [18 U.S.C. § 4248(e)], counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility .
> . . .

The only other method by which a person may be discharged is set forth in 18 U.S.C. § 4248(d), which allows the Attorney General to "release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume the responsibility for his custody, care and treatment."

Here, respondent does not claim that he has exercised any of these statutorily available options for his commitment to be discharged. Instead, respondent cites to three district court decisions, United States v. Nelson, 5:13-HC-2033-FL, United States v. Griffis, 5:07-HC-2131-H, and United States v. Carrington, 5:08-HC-2015-BR, to support his position that the court's 22

3

December 2014 order of commitment should be dismissed in light of his new criminal sentence. As the government correctly points out, the three cases cited by respondent are distinguishable from the present circumstances, in that those cases involved dismissals that were made upon motion by the government after state authorities had assumed full responsibility for the custody and treatment of the committed persons. See Griffis, 5:07-HC-2131-H, DE # 78 (E.D.N.C. Aug. 4, 2016) (granting the government's motion to dismiss respondent's civil commitment under § 4248 after the Idaho Department of Corrections agreed to assume responsibility for respondent and he was released into its custody); Nelson, 5:13-HC-2033-FL, DE # 47 (E.D.N.C. July 14, 2015) (granting the government's motion to dismiss respondent from commitment as a result of his release to the State of Maine pursuant to a detainer for a state criminal sentence); Carrington, 5:08-HC-2015-BR, DE # 11 (E.D.N.C. Jan. 21, 2009) (ordering that respondent be discharged from his civil commitment pursuant to § 4246 after the State of North Carolina assumed responsibility for respondent's custody, care and treatment). In this case, respondent remains in federal custody and his civil commitment judgment is currently lodged as a detainer to be executed once the criminal judgment he is serving is satisfied. Because respondent's commitment has not been discharged by any of the methods specified in the Adam Walsh Act, it remains the responsibility of the Attorney General to continue respondent's civil commitment upon the completion of his criminal sentence.

In addition to his argument that he has been discharged from commitment, respondent contends that this case fits within Rule 60(b)(5) because enforcing the civil commitment judgment prospectively is no longer equitable. He asserts that, because the government has chosen to prosecute him, the court should dismiss the commitment order and allow the government to refile a certificate of dangerousness before he is released from custody should it

4

determine at that point in the future that he is a sexually dangerous person. As the government aptly argues in its response in opposition, it has already met its substantial burden of proof at an evidentiary hearing by showing respondent is a sexually dangerous person. It would be unduly burdensome to require the government to reinstitute a new civil proceeding any time a sexually dangerous person chooses to commit a new federal crime during the course of his civil commitment. Therefore, the court is of the opinion that respondent is not entitled to relief under Rule 60(b)(5).

Respondent also relies on Rule 60(b)(6), the catchall provision of the rule, to argue that relief is justified because he is not currently receiving the sex offender treatment for which he was committed. In support of this argument, respondent emphasizes that he was civilly committed to the custody of the Attorney General "for care and treatment" after the court determined that he was a sexually dangerous person. The Fourth Circuit requires a showing of "extraordinary circumstances" in order to prevail on a Rule 60(b)(6) motion. Moses v. Joyner, 815 F.3d 163, 168 (4th Cir. 2016). Here, respondent made the choice to commit a new federal crime and was consequently transferred to a high-security facility to serve his criminal sentence. Although respondent is not currently participating in sex offender treatment, it is likely that he will return to the CTP at FCI-Butner upon the completion of his sentence next year. Accordingly, the court finds that respondent has failed to show any extraordinary circumstances that would justify relief under Rule 60(b)(6).

For the foregoing reasons, respondent's motion for relief is DENIED.

This 2 June 2017.

                                                    W. Earl Britt
                                                    Senior U.S. District Judge